IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GREGORY ANDERSON**                                                      **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO.:** 4:22cv61-GHD-JMV

**CHICOT IRRIGATION, INC.**                                     **DEFENDANT**
**D/B/A IRRIGATION FITTINGS, INC.**

**COMPLAINT**
**JURY TRIAL DEMANDED**

     **COMES NOW** the Plaintiff, Gregory Anderson, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, against Defendant, Chicot Irrigation, Inc., d/b/a Irrigation Fittings, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

     1. Plaintiff, Gregory Anderson, is an adult male resident citizen of Sunflower County, Mississippi, who is over the age of forty (40) and thus is a covered "employee" as defined by the ADEA.

     2. Defendant, Chicot Irrigation, Inc., d/b/a Irrigation Fittings, Inc., is an Arkansas corporation licensed to do business in the State of Mississippi that may be served with process by serving its registered agent: Cory Rowe, 1102 East Avenue N, Hollandale, Mississippi 38748. The principal office address listed for the Defendant is 3435 Highway 65 and 82, Lake Village, Arkansas 71653. Defendant is a "person" engaged in an industry affecting commerce who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or pending

calendar year and thus, is a covered "employer" as defined by the ADEA.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination on October 22, 2021, with the EEOC, a true and correct copy of which is attached as Exhibit "A." On February 15, 2022, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

5. Plaintiff has been discriminated against because of his age in violation of the Age Discrimination in Employment Act.

## STATEMENT OF THE FACTS

6. Plaintiff is a 51-year-old male resident of Sunflower County, Mississippi.

7. Plaintiff was hired on June 1, 2006, as a glue man at Irrigation Fittings.

8. In March 2021, the ownership of the company was transferred to Chicot Irrigation, Inc., but it continued to do business as Irrigation Fittings, Inc.

9. The president of Chicot Irrigation, Inc. is Cory Rowe.

10. For many years of Plaintiff's employment at Irrigation Fittings, Owner Harry Chism regularly praised Plaintiff for his positive job performance.

11. During or around April 2021, General Manager Roger Tharp gave Plaintiff a one dollar per hour increase in pay.

12. At that time, Mr. Tharp told Plaintiff he would try to get him another increase in pay soon, but it would likely take a few more months.

13. In June 2021, Plaintiff approached Production Manager Roy Bush and requested he be considered for a raise.

14. Mr. Bush responded that Plaintiff would not be given a raise at that time.

15. After that, Plaintiff approached Mr. Bush several more times that same month with the same request, but each time Mr. Bush responded that no raise would be given to Plaintiff at that time.

16. On August 30, 2021, Plaintiff approached Head Supervisor Hubbard Stephens with his request that he be considered for a raise.

17. Mr. Stephens responded that he would discuss the matter with Mr. Bush and get back to Plaintiff.

18. When Mr. Bush found out that Plaintiff had gone above him in the chain of command, he became angry at Plaintiff.

19. On August 31, 2021, Mr. Bush notified Plaintiff he was terminated because he "went over [Mr. Bush's] head."

20. After Plaintiff was terminated, Plaintiff found out that his position was replaced by Justin Hays (mid 20s male).

21. On October 22, 2021, Plaintiff filed an EEOC Charge of Discrimination due to age.

22. On December 13, 2021, Mr. Rowe provided a Position Statement to the EEOC responding to Plaintiff's EEOC Charge of Discrimination.

23. In that statement, Mr. Rowe stated that in May 2021 he (Mr. Rowe) informed the General Manager of Irrigation Fittings, Inc., Roger Tharp, "that employee wages would be frozen until 2022 to give the parent company time to evaluate the profitability of this

new acquisition. Mr. Tharp asked Roy Bush…to meet with his direct reports to let them know that no employee raises would be considered until 2022. Mr. Bush met with his direct reports one on one or in small groups during May and June 2021. One of his direct reports was Gregory Anderson. Even though Plaintiff was informed that no raises would be considered until 2022, he continued to ask Mr. Bush for a raise and was reminded each time that a raise would not be granted per the company President."

24. In contrast to Mr. Rowe's statement, Plaintiff adamantly denies that Mr. Bush ever told him that employee raises were not being considered until 2022, nor that this decision had been made by the company president.

25. Rather, Plaintiff contends that each time he asked Mr. Bush about a raise, Mr. Bush merely responded that he would not be given a raise at that time.

26. Therefore, it made perfect sense for Mr. Bush to keep asking for a raise as time went by, especially since in April 2021 Mr. Tharp had told Plaintiff he (Mr. Tharp) would try to give him (Plaintiff) another raise within a few months.

27. Moreover, in contrast to Mr. Rowe's statement in his Position Statement, Plaintiff adamantly denies that he was "told on numerous occasions that raises would not be considered until 2022" and he also denies that he ever "acknowledged [to Mr. Bush] that he was aware of that management decision".

28. In the Position Statement, Mr. Rowe also contends that Mr. Stephens had no authority to grant a raise to Plaintiff and that Plaintiff was aware of that.

29. Plaintiff contends that this assertion is false.

30. Rather, Plaintiff believed Mr. Stephens had authority to grant raises or at least to play some role in that decision.

4

31. This belief, in fact, was substantiated in that Mr. Stephens did not redirect Plaintiff to speak to Mr. Bush or some other company official.

32. Instead, he (Mr. Stephens) told Plaintiff that he (Mr. Stephens) would address the matter of a raise for Plaintiff with Mr. Bush.

33. Moreover, Mr. Bush's own statement that Plaintiff "went over [his] head" only makes sense if Mr. Stephens did have some measure of influence in the decision as to whether Plaintiff should receive a raise or not.

## CAUSE OF ACTION

### COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Defendant unlawfully discriminated against Plaintiff because of his age, (51). At age 51, Plaintiff was in the protected age category of the ADEA. Plaintiff was more than qualified for his position as glue man for the Defendant. Plaintiff suffered an adverse employment decision, i.e., termination. Defendant replaced Plaintiff with a substantially younger male, Justin Hays, (i.e., in his 20s). As such, Plaintiff has established a *prima facie* case of age discrimination.

36. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

37. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, liquidated damages and attorney fees.

38. As a direct and proximate result of the acts and omissions of the

Defendant described above, Plaintiff has suffered lost wages and benefits.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Liquidated damages;
4. Lost benefits;
5. Tax gross-up and all make whole relief:
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled under the ADEA

THIS the 23rd day of April 2022.

Respectfully submitted,

GREGORY ANDERSON, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com