IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY ANDERSON                                                                                    PLAINTIFF

v.                                                                              CASE NO. 4:22-cv-61-GHD-JMV

CHICOT IRRIGATION, INC.
d/b/a IRRIGATION FITTINGS, INC.                                                                     DEFENDANT

ANSWER TO COMPLAINT
(JURY TRIAL REQUESTED)

COMES NOW, Defendant Irrigation Fittings, Inc., incorrectly identified as Chicot Irrigation, Inc., d/b/a Irrigation Fittings, Inc. ("Chicot"), by and through its counsel of record, Carr Allison, and files this its Answer to Complaint, as follows:

FIRST DEFENSE

Anderson's Complaint fails to state a claim upon which relief may be granted in whole or in part and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

SECOND DEFENSE

Answering Defendant Chicot did not engage in unfavorable or adverse employment action that gave rise to an inference of discrimination against Anderson on account of age or any other protected classification.

THIRD DEFENSE

Anderson's Complaint is limited to the contentions he makes in his Charge of Discrimination. To the extent Anderson makes claims outside of that contention, he has failed to administratively exhaust his remedies, and those portions of his claim should be dismissed. Further, statute of limitations for such claims are also pled as an affirmative defense.

FOURTH DEFENSE

Chicot did not terminate Anderson at all, as he was not its employee. Irrigation Fitting, Inc.'s termination of Anderson was based upon reasonable factors other than age.

FIFTH DEFENSE

Chicot would assert that under the ADEA, Anderson is limited to, at most, backpay including non-wage benefits, liquidated damages only upon a showing of willfulness, reinstatement or front-pay, and attorneys' fees.

SIXTH DEFENSE

Anderson is barred from recovery for any allegation, claim, or theory not included in a timely sworn charge of discrimination or not sued upon within ninety (90) days of receiving an EEOC right to sue notice.

SEVENTH DEFENSE

To the extent applicable, Anderson's allegations, claims, or theories are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

NINTH DEFENSE

Chicot pleads the doctrine of unclean hands.

TENTH DEFENSE

Chicot affirmatively alleges and avers that Anderson did not exhaust administrative remedies prior to filing this action in whole or in part. Further, to the extent that acts that Anderson alleges constitute retaliation are not adverse employment actions, those acts do not constitute retaliation.

## TWELFTH DEFENSE

Chicot affirmatively alleges and avers that Anderson's Complaint fails to state his claims with sufficient particularity to constitute the wrong claimed therein.

## THIRTEENTH DEFENSE

Anderson's claims are barred to the extent he caused and/or contributed to the damages claimed in this lawsuit.

## FOURTEENTH DEFENSE

Anderson's claims are barred to the extent that the doctrines of laches, release, and/or waiver are applicable to the facts of this case.

## FIFTEEENTH DEFENSE

Anderson failed to mitigate any damages he may have incurred as a result of the facts based in his complaint.

## SIXTEENTH DEFENSE

Anderson's claims for damages are barred, in whole or in part, because Chicot has acted, at all applicable times, reasonably and in good faith, and did not terminate Anderson, who was not its employee.

## SEVENTEENTH DEFENSE

Chicot asserts that to the extent that Anderson has earned, through reasonably diligent efforts, employment income after his alleged discharge, Anderson is entitled to offset for any backpay recovery to the extent of the proceeds of that employment income.

## EIGHTEENTH DEFENSE

Now answering this Complaint paragraph by paragraph, Chicot asserts the following:

1. Chicot admits that Anderson is over forty years old, and denies the remaining allegations of paragraph 1.

2. Chicot admits its corporate status as to state of incorporation and service of process, and that it has more than 20 persons employed. It denies the remaining allegations of paragraph 2, and further denies that Anderson is an employee of Chicot.

3. Chicot admits the allegations of paragraph 3.

4. Chicot admits the allegations of paragraph 4.

5. Chicot denies the allegations of paragraph 5.

6. Chicot denies the allegations of paragraph 6.

7. Chicot is without sufficient information with which to admit or deny the allegations of paragraph 7, and accordingly denies them.

8. Chicot denies the allegations of paragraph 8.

9. Chicot admits the allegations of paragraph 9.

10. Chicot denies the allegations of paragraph 10.

11. Chicot admits the allegations of paragraph 11.

12. Chicot denies the allegations of paragraph 12.

13. Chicot admits the allegations of paragraph 13.

14. Chicot admits the allegations of paragraph 14.

15. Chicot admits the allegations of paragraph 15.

16. Chicot admits the allegations of paragraph 16.

17. Chicot admits the allegations of paragraph 17.

18. Chicot denies the allegations of paragraph 18, except to admit that Roy Bush did determine that Anderson had approached Stephens for a raise.

19. Chicot admits the allegations of paragraph 19 to the extent that Anderson was notified he was terminated, and denies the remaining allegations of paragraph 19.

20. Chicot denies the allegations of paragraph 20.

21. Chicot admits the allegations of paragraph 21.

22. Chicot admits the allegations of paragraph 22.

23. Chicot admits the allegations of paragraph 23.

24. Chicot admits only that Anderson denies he was told that raises were not being considered until 2022, but asserts that in fact, Anderson was told raises would not be made in 2021.

25. Chicot denies the allegations of paragraph 25.

26. Chicot denies the allegations of paragraph 26.

27. Chicot denies the allegations of paragraph 27.

28. Chicot admits the allegations of paragraph 28.

29. Chicot admits that Anderson asserts Stephens had authority to grant raises, but asserts that because Stephens did not work for Irrigation Fittings, Inc., Stephens had no such authority over employees of Irrigation Fittings, Inc.

30. Chicot is without sufficient information to speculate on what Anderson believed or did not believe, and thus denies the allegations of paragraph 30.

31. Chicot denies the allegations of paragraph 31.

32. Chicot denies the allegations of paragraph 32.

33. Chicot denies the opinion-based allegations of paragraph 33.

34. Chicot asserts its admissions and denials as if stated again here.

35. Chicot denies the allegations of paragraph 35.

36. Chicot denies the allegations of paragraph 36.

37.     Chicot denies the allegations of paragraph 37.

38.     Chicot denies the allegations of paragraph 38 and the prayer for relief, with all of its numbered sub-parts.

### NINETEENTH DEFENSE

At no time was Anderson an employee of Chicot Irrigation, Inc. Anderson was always an employee of Irrigation Fittings, Inc. Therefore, Chicot Irrigation, Inc. cannot be held liable for employer discrimination, as Chicot is not Anderson's employer.

### TWENTIETH DEFENSE

At no time during the relevant period did Irrigation Fittings, Inc. employ twenty people. Thus, it is not subject to the provisions of the Age Discrimination in Employment Act.

WHEREFORE, PREMISES CONSIDERED, Irrigation Fittings, Inc., incorrectly identified as Chicot Irrigation, Inc., d/b/a Irrigation Fittings, Inc. ("Chicot") respectfully requests that this Court dismiss this cause of action, with prejudice, and with costs and attorneys' fees as permissible assessed to Anderson. Chicot also requests whatever other relief is appropriate.

RESPECTFULLY SUBMITTED, this the 22nd day of June, 2022.

          CHICOT IRRIGATION, INC., d/b/a
          IRRIGATION FITTINGS, INC., Defendant

BY:    CARR ALLISON, Its Counsel

BY:    /s Thomas L. Carpenter
          THOMAS L. CARPENTER, MB #9808

**CARR ALLISON**
1319 26th Avenue
Gulfport, MS 39501
Phone: (228) 864-1060
Fax: (228) 864-9160
E-mail : tcarpenter@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Louis H. Watson, Jr.
Nick Norris
Watson & Norris, PLLC
4209 Lakeland Drive, No. 365
Flowood, MS 39232-9212

SO CERTIFIED, this the 22nd day of June, 2022.

*s/Thomas L. Carpenter*
THOMAS L. CARPENTER, MB #9808
